UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
    Plaintiff
vs.
ONE 1956 CONVAIR 440 AIRCRAFT,
SERIAL NO. 353, TAIL NO. N912
    Defendants

CIVIL NO. 98-1681 (JP)

## ORDER

| MOTION | RULING |
|---|---|
| **Date Filed:** 3/3/00<br>Docket: #68<br>[X] **Plffs**  [] **Defts**<br>Title: United States' Motion to Alter or Amend Judgment | **DENIED.** The United States moves the Court under Rule 59(e) to alter or amend its judgment of February 17, 2000 dismissing with prejudice this civil forfeiture action. According to the U.S., before determining that the forfeiture of the Aircraft was not warranted due to its excessiveness, the Court should have ordered a mitigated forfeiture. Plaintiff overlooks that the instant case dealt with an airplane, an indivisible object, unlike contiguous plots of land or currency which are involved in the cases it cites. Further, the First Circuit has addressed the argument that courts should restrict or reduce the amount of property subject to forfeiture when seizing it in its entirety would be harsh and unequal. See United States v. One Parcel of Real Property, 960 F.2d 200 (1st Cir. 1992). In that case, the First Circuit stated that it would not interfere with the Congress' intent that forfeiture be an all or nothing proposition. The Court does not have the authority to subdivide property to create a proportional forfeiture as the forfeiture statute at bar only contemplates the forfeiture of the entire conveyance. See United States v. Premises Known as 318 So. Third Street, 988 F.2d 822. If it did otherwise, the Court would overstep its boundaries. See United States v. One Parcel of Real Property at 461 Shelby County Road 361, 857 F.Supp. 935, 939 (N.D. Al. 1994) ("no court, high or low, has thus far told this court how to 'split the baby,' so to speak, and this court is not Solomon."). Furthermore, the property subject to forfeiture was the Aircraft, and not its value. Finally, the federal regulations cited by the United States for the purposes of remission or mitigation apply only when the conveyance has been forfeited, which is not the case here. See 8 C.F.R. §§ 274.14-15 (remission and forfeiture can only be granted after a seized conveyance has been declared forfeited.). |

Date: 3/20/00

JAIME PIERAS, JR.
U.S. Senior District Judge

Rec'd:          EOD:

By:             #72